WILLIAM STONER v. THE STATE.

No. 2785. Decided December 10, 1913.

Rehearing denied January 14, 1914.

**1.—Assault to Murder—Change of Venue—Discretion of Court.**

In the absence of an abuse of discretion by the trial court in overruling an application for change of venue, there was no error. Following Tubb v. State, 55 Texas Crim. Rep., 616, and other cases.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence to secure the attendance of absent witnesses, and the record showed that their testimony would probably not have been true, there was no error in overruling the motion.

**3.—Same—Jury and Jury Law—Sheriff—Deputy.**

Where, upon trial of assault to murder, the evidence showed that the sheriff and his deputies were implicated more or less in the offense, there was no error in the court's action in instructing the constable to summon the talesmen and placing the jury in charge of the deputy constable.

**4.—Same—Bills of Exception.**

In the absence of the approval of the trial judge of bills of exception, the same can not be considered on appeal.

**5.—Same—Charge of Court—Self-defense—Provoking Difficulty.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the evidence showed that the prosecuting witness had published some matter in the newspaper at which the sheriff and his deputies took umbrage, and the State contended that the alleged assault was made without provocation, and defendant's defense was that he attempted to arrest the defendant for disturbing the peace and was then required to act in self-defense, and the court submitted in his charge on self-defense the question of arrest, disturbing the peace, and provoking the difficulty as brought out by the facts in evidence, there was no error in the court's failure to charge that the defendant must have done some act or used some language at the time calculated to provoke the difficulty.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and imprisonment in the county jail for three months.

The opinion states the case.

*Dickens & Dickens* and *Hicks & Hicks & Teagarden*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with assault to murder, and when tried convicted of aggravated assault, and his punishment assessed at a fine of $100 and imprisonment in the county jail for three months.

An application to change the venue of the case was made by appellant, he alleging there "was in Webb County a dangerous combination against him, instigated by influential persons by reason of which he can not expect a fair trial in said county." This application was contested by the district attorney. The application was overruled, and the bill of exceptions presents the testimony heard by the court. It is quite lengthy, but after a careful perusal of it we can not say the trial judge abused his discretion. There is much evidence pro and con on the issue, and doubtless the district judge weighed it well. Grissom v. State, 4 Texas Crim. App., 374; Noland v. State, 3 Texas Crim. App., 598; Megee v. State, 14 Texas Crim. App., 376; Martin v. State, 21 Texas Crim. App., 1; Tubb v. State, 55 Texas Crim. Rep., 616.

We think the application for a continuance shows that the diligence to secure the attendance of the witness Wade is not sufficient to entitle appellant to a reversal of the case. In addition to that no witness on this trial, and a large number of eyewitnesses were introduced, place Wade

in a position he could not have seen the affray. I fact, the witnesses for both the appellant and the State name the persons present, and by none of them is Mr. Wade seen there on that occasion. So, on the motion for a new trial, the court well conclude that if the witness had been present at the trial he would not have testified as stated in the application.

In bills of exception Nos. 3, 4, 5 and 6 appellant complains, first, that neither the sheriff nor his deputies were permitted to summon the talesmen. As the record discloses the appellant was a deputy of the sheriff, and if the State's theory of the case is true, the assault was instigated by the sheriff, and further that the sheriff had also been indicted for participating in this assault, the court did not err in instructing the constable of the precinct, after swearing him, to summon the jurymen. Neither did the court err in placing the jury in the case in charge of the deputy constable after it was empaneled, after duly swearing and instructing him under the evidence in this case. Nor was there any error in refusing to quash the panel of jurors summoned by the constable on order of the court, the only ground alleged being that the court had no authority to authorize him to summon the jurors.

A number of alleged bills of exception to the charge of the court were filed after the adjournment of the court. As they were not presented to nor approved by the trial judge, these bills can not be considered. The only provisions of the charge we can review are those complained of in the motion for a new trial, and which were called to the attention of the court or acted on by him. In one part of the charge the court instructed the jury:

"On the issue of self-defense, you are instructed that if any person shall go upon a public street and use loud and vociferous or obscene, vulgar or indecent language, in a manner calculated to disturb the persons there present, he is guilty of a breach of the peace; and a peace officer may arrest such offender, without warrant, if the offense is committed in his presence. If the offender resists arrest, the officer may oppose such force as is necessary to overcome the resistance; but he shall not take the life of the person resisting, unless he has just ground to fear that his own life will be taken, or that he will suffer great bodily injury in making the arrest. If, therefore, the said Manuel Garcia Vigil had used loud and vociferous or obscene, vulgar or indecent language, on a public street in Laredo in a manner calculated to disturb the persons there present, and if the defendant, a peace officer, was present, and undertook to arrest said Vigil for said offense, and if said Vigil violently resisted such arrest, and if from the acts of the said Vigil, or from his words coupled with his acts, there was created in the mind of the defendant a reasonable apprehension that he (the defendant) was in danger of losing his life or of suffering serious bodily harm at the hands of the said Manuel Garcia Vigil, then the defendant had the right to defend himself from such danger or apparent danger as it reasonably appeared to him at the time, viewed from his standpoint, and he was not bound to retreat in order to avoid the necessity of killing the said

Vigil. If you believe that the defendant, while arresting said Vigil and overcoming resistance, struck the said Vigil with his pistol or fired on him, or struck him with his pistol and fired on him, as a means of defense, believing at the time that he did so (if he did so), that he was in danger of losing his life or of serious bodily injury at the hands of the said Vigil, then you will acquit the defendant,—unless you further believe from the evidence beyond a reasonable doubt that the defendant sought the meeting with the said Manuel Garcia Vigil and sought to arrest him for the purpose of provoking a difficulty with the said Vigil, with intent to take the life of the said Vigil or to do him such serious bodily injury as might probably end in the death of the said Vigil, and if you so believe from the evidence beyond a reasonable doubt, then you are instructed that if the defendant sought such meeting for the said purpose and with such intent, the defendant would not be permitted to justify on the ground of self-defense, even though he should thereafter have been compelled to act in his own self-defense; but if he had no such purpose and intention in seeking to meet or to arrest the said Manuel Garcia Vigil, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger or what reasonably appeared to him at the time to be danger."

There are a number of complaints to this paragraph of the court's charge, and is the only portion of the charge complained of in the motion for a new trial.

The evidence in the case would disclose that Manuel Garcia Vigil was the editor of a paper published in Laredo, called the Progreso. That sheriff Sanchez had been criticised by this paper, and that the sheriff had written the editor a letter which reads as follows:

"April 28th of 1913.

"To the Laredo Publishing Company,
    "Present.
"In the No. 202 of the Progreso in you making reference to what I said in my manifesto to the public, you, besides insulting me on different occasions, gratuitously you challenge me in a determined and decided manner, as I do not know who are or who they are that challenge me for my government, I beg you to tell me who or who they are, the persons that make themselves responsible of so many gratuitous insults that I have been the object of.
            "Your attentive and faithful servant, Amador Sanchez."

Appellant carried this letter to the newspaper office and delivered it. Some week or ten days thereafter the editor and three of his friends went to Ross' saloon, and were seated at a table. While there the sheriff, appellant and two of their friends also came in and took seats at another table. The sheriff got up and went in an adjoining room, and

shortly thereafter appellant got up and went into this room and talked with the sheriff, but what was said is not disclosed by the record. Appellant returned and took his seat with his friends. The editor and his friends got up first and went out of one door, when the appellant and his two friends got up and went out of another door. The State's contention is that Mr. Vigil and his friends were guilty of no improper conduct either in the saloon or on their way to the editor's office where they had started; that after they got up and started to office of the Progreso, appellant and his friends got up, went out on the streets, and one of them gave a sarcastic laugh, when appellant rapidly approached Vigil from the rear, placed his hands on Vigil's shoulder, making a remark, and then struck Vigil on the head with his pistol, when the fight followed. That Sheriff Sanchez participated in this fight.

Appellant's contention is that while Vigil and his friends were in the saloon they used obscene language; that he did not arrest them then, but after they had gotten up and gone out on the street they continued to do so, Vigil being the one principally thus offending; that appellant approached him for the purpose of arresting him on account of the use of such language, when Vigil drew a pistol, resisted arrest and the fight ensued.

The court's charge, as copied above, we think, fairly submitted the issue as thus made.

The first criticism of this charge is that it is an incorrect limitation upon appellant's right of self-defense; (2) that by it if appellant sought the said Vigil, with the intention of provoking a difficulty, that he would be deprived of his right of self-defense, though he did no act and used no language at the time calculated to provoke the difficulty; (3) that said charge is erroneous, because it fails to tell the jury that he must not only seek the said Vigil for the purpose of provoking a difficulty, but that he must do some act or use some language with the intent to bring on the difficulty. There are a number of assignments raising these same issues in different words, but the above succinctly states appellant's objection to the charge as given. The first part of the charge tells the jury that appellant would have the right to arrest Vigil without warrant if a breach of the peace occurred in his presence, and use all force necessary to accomplish that purpose. This was the defensive theory, and is the sole theory upon which appellant sought to justify his conduct in beating Vigil on the head, and in shooting at him. The State's theory was, that Vigil was guilty of no breach of the peace; that because Vigil had criticised the sheriff in his paper, without other provocation, appellant approached Vigil and struck him on the head with his pistol, and continued to strike him until both got out in the street; Vigil then drew his pistol, and both began to shoot, which shooting was joined in by the sheriff, Sanchez. The charge simply instructs the jury that if this state of affairs is the way the difficulty arose, appellant could not claim to have acted in self-defense. It is a fact undisputed in the record, that appellant did strike Vigil on the head and inflict several

wounds on his head, and that the firing of the pistols came after these wounds had been inflicted.   Under such circumstances we think the charge very favorable to appellant, and not subject to the above criticisms.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 14, 1914.—Reporter.]